The Kantrow Law Group, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

        BENJAMIN O. RINGEL,

              Debtor.
------------------------------------------------------------x
ALLAN B. MENDELSOHN as Trustee of
The Estate of Benjamin O. Ringel,

              Plaintiff,

       -against-

JACOB WEISS and ODELIA WEISS,

              Defendants.
-------------------------------------------------------------x

Case No. 24-71468-las
Chapter 7

Adv. Pro. No. 26-

## COMPLAINT

Allan B. Mendelsohn as trustee (the "Bankruptcy Trustee") of the Estate of Benjamin O. Ringel, the debtor (the "Debtor"), respectfully submits this as and for his complaint (the "Complaint") against Jacob Weiss ("Jacob") and Odelia Weiss ("Odelia") (collectively, Jacob and Odelia are defined as the "Defendants") and states as follows:

## NATURE OF THE ACTION

1. This is an action by the Bankruptcy Trustee that seeks turnover and surrender of possession of real property in which the bankruptcy estate holds an interest, together with damages arising from Defendants' post-termination occupancy and breach of a written settlement agreement and lease addendum (the "Tenant Settlement Agreement").

2.      Defendants were permitted to remain in possession of the property solely as a temporary accommodation during the pendency of a quiet title action (the "Quiet Title Action"). The Quiet Title Action was resolved.  Defendants failed to vacate and have continued to remain in wrongful possession.

## THE PARTIES

3.      Plaintiff is Allan B. Mendelsohn, the Chapter 7 Trustee herein.

4.      Defendant Jacob is an individual with an address for service of process of 9559 Collins Avenue, Unit S4-B, Surfside, Florida 33154 (the "Condominium").

5.      Defendant Odelia is an individual with an address for service of process of 9559 Collins Avenue, Unit S4-B, Surfside, Florida 33154.

## JURISDICTIONAL PREDICATE

6.      This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

7.      The statutory predicate for the relief sought herein are 11 U.S.C. §§ 541 and (the "Bankruptcy Code") and Bankruptcy Rules 7001 et. Seq.

8.      Venue of this subject chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      In the event that this Court determines that this cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND

10.    This action arises of bankruptcy litigation concerning the ownership and disposition of the real property commonly known as 9559 Collins Avenue, Unit S4-B, Surfside, Florida, which is referred to as the Solimar condominium and the Condominium in this Complaint.

11.    Benhamin Ringel, the debtor (the "Debtor") and Chana Ringel ("Chana") are the children of the late Klara Ringel ("Klara"). Although title to the Condominium was held in the name of Klara, the Bankruptcy Trustee alleged in a separate adversary proceeding against Chana and Kenneth J. Lackey, the Court Appointed Administrator, CTA, of the Estate of Klara Ringel ("Lackey" and/or the "Administrator") that the Condominium was acquired pursuant to an agreement under which the Debtor and Chana funded the purchase, with the understanding that they were the true beneficial owners of the Condominium.

12.    Following the commencement of the voluntary chapter 7 case, the Bankruptcy Trustee commenced a quite title action asserting the bankruptcy estate's interest in the Condominium.

13.    Thereafter, the Bankruptcy Trustee, Chana and the Administrator entered into a settlement agreement resolving the quite title dispute.

14.    The settlement agreement was approved by this Court and by the Superior Court of New Jersey, Chancery Division, Monmouth County, presiding over the Estate of Klara Ringel.

15.    Pursuant to the approved settlement agreement, the Condominium was to be sold and the net proceeds realized from the sale, distributed as follows: (i) sixty percent (60%) to the Estate of Klara Ringel; (ii) twenty-three and one-half percent (23.5%) to Chana, and (iii) sixteen and one-half percent (16.5%) to the bankruptcy estate, after return of certain prior payments advanced by the Estate of Klara Ringel.

16.     The approved settlement agreement established the estate's interest in the Condominium and provides a basis for this Court's jurisdiction over the relief sought in the Complaint.

17.     The Defendants continue to wrongfully occupy the Condominium and continue to diminish the value to the estate and its creditors.

**FACTUAL ALLEGATIONS**

18.     The Debtor filed a voluntary petition for relief from his creditors pursuant to chapter 7 of the Bankruptcy Code on April 15, 2024 (the "Petition Date").  Allan B. Mendelsohn was appointed interim Bankruptcy Trustee and thereafter did duly qualify as the permanent and serving case Trustee.

19.     Prior to the Petition Date, on or about December 16, 2010, Harry Silber ("Silber") transferred his 100 percent interest in the Condominium to Klara, the Debtor's now deceased mother, for the purchase price of $1,625,000.

20.     On or about December 29, 2010, Klara granted a mortgage in the amount of $893,750 to ING Bank, FSB (the "Mortgage").

21.     Prior to the Petition Date, the Debtor commenced an action in Florida state court in which he alleged, among other things, that he along with Chana were the owners of the Condominium pursuant to an agreement with Klara and by funding the balance of the purchase price.

22.     Thereafter, the Trustee commenced an adversary proceeding in this Court seeking a judicial determination that the Debtor along with Chana, held equitable title to the Condominium, based among other things, the agreement and the funds that the Debtor and Chana contributed to the purchase of the Condominium.

**Ownership of the Condominium**

23.    The Bankruptcy Trustee, Chana and the Administrator settled the adversary proceeding.

24.    Pursuant to the approved settlement agreement, the Condominium was to be sold and the net proceeds realized from the sale, distributed as follows: (i) sixty percent (60%) to the Estate of Klara Ringel; (ii) twenty-three and one-half percent (23.5%) to Chana, and (iii) sixteen and one-half percent (16.5%) to the bankruptcy estate, after return of certain prior payments advanced by the Estate of Klara Ringel.

**The Defendants Refuse to Vacate**

25.    Since the entry of the Order of this Court approving the settlement agreement, the Bankruptcy Trustee, Chana and the Administrator have worked together in an effort to market and sell the Condominium.  However, the Defendants continued interference with the parties' efforts to sell the Condominium has created an impediment to a sale.  Their failure to vacate prevents a sale.

26.    In June 2018, Defendants entered into a written agreement and lease addendum (the "Tenant Settlement Agreement") governing their use and occupancy of the Condominium.

27.    This Tenant Settlement Agreement resolved an eviction action by permitting the Defendants to remain in possession *only during the pendency of a related quiet title action*.

28.    The Tenant Settlement Agreement expressly contemplated termination of Defendants' occupancy rights upon resolution of the quiet title action and was *not* a permanent lease.

29.    The quiet title action was fully resolved, including exhaustion of appeals or settlement, thereby terminating any contractual right to possession.

30.     Defendants were provided notice of the termination of their right to remain in possession or otherwise remain in possession to the present.

31.     Defendants continued wrongful and unauthorized occupancy has deprived the estate of possession, use, and the ability to liquidate the Condominium for the benefit of the estate and its creditors.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Turnover of Property of the Estate – 11 U.S.C. § 542)

32.     Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "31" as if each were more fully set forth herein.

33.     The Condominium constitutes property of the estate under section 541 of the Bankruptcy Code.

34.     Defendants are in possession, custody or control of property of the estate which the Bankruptcy Trustee may use, sell or lease.

35.     Defendants have no legal or equitable right to retain possession of the Condominium.

36.     The Bankruptcy Trustee is entitled to the immediate turnover and surrender of possession of property of the estate pursuant to section 542(a) of the Bankruptcy Code.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

37.     Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "36" as if each were more fully set forth herein.

38.     The Tenant Settlement Agreement constitutes a valid and enforceable contract.

39.     Defendants materially breached the Tenant Settlement Agreement by remaining in possession after termination of their conditional occupancy rights.

40.	The estate has suffered damages as a direct and proximate result of Defendants' breach of the Tenant Settlement Agreement, including the inability to reduce the estate's interest in the Condominium to cash.

41.	The estate has suffered damages as a direct and proximate result of Defendants' breach of the Tenant Settlement Agreement as the Defendants have not remitted market rent in connection with their continued wrongful and unauthorized use and occupancy of the Condominium.

42.	The damages shall be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Use and Occupancy/Unjust Enrichment)**

43.	Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "42" as if each were more fully set forth herein.

44.	Defendants continue to wrongfully occupy property of the estate without right and without properly compensating the estate.

45.	Equity and bankruptcy law require Defendants to disgorge the reasonable value of their post-termination occupancy in an amount to be determined as trial.

46.	Plaintiff seeks eviction of Defendants, compensatory damages, use and occupancy damages measure by the fair market value of the rent, consequential damages, interest, costs, and disbursements.

WHEREFORE, Allan B. Mendelsohn, as Bankruptcy Trustee of the Estate of Ringel, respectfully requests that this Honorable Court grant relief as sought in the Complaint together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated:	Smithtown, New York

February 5, 2026

The Kantrow Law Group, PLLC
Attorneys for Allan B. Mendelsohn

BY:   S/Fred S. Kantrow
Fred S. Kantrow
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com